UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
SANTO LANZAFAME et. al.,

                    Plaintiffs,

          - v -

A.B.M. CONTRACTING SERVICES
CORPORATION and HASHIM M.
CHOUDRAY,

                    Defendants.
---------------------------------------------------------x

**REPORT AND
RECOMMENDATION**
09-CV-4710 (FB) (VVP)

      The Honorable Frederic Block referred this matter to me for a report and recommendation as to the amount of damages to award, the plaintiffs, Santo Lanzafame, the Pointers, Cleaners & Caulkers Welfare, Pension & Annuity Funds, the Bricklayers and Trowel Trades International Pension Fund (collectively the "Funds"), and the Bricklayers and Allied Craftworkers Local Union No. 1, B.A.C.I.U., AFL-CIO (the "Union"), having obtained a default judgment against the defendants A.B.M. Contracting Services Corporation ("A.B.M.") and Hashim M. Choudray. The plaintiffs bring this action pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, *et seq*. ("ERISA"), and the Labor Management Relations Act of 1947 (the "Taft-Hartley Act"), 29 U.S.C. § 185, for violations of a collective bargaining agreement (the "CBA") between A.B.M. and the Union. The plaintiffs seek to recover monies owed to various employee benefit funds and the Union, to which A.B.M. was obligated to make monetary contributions pursuant to the CBA. Because the amounts of the unpaid contributions themselves have already been satisfied, the plaintiffs now seek only an award of interest, liquidated damages, and attorneys' fees and costs.

-1-

## I. *Liability*

The plaintiffs commenced this action against A.B.M. and Choudray on October 30, 2009. The defendants were properly served, but failed to answer, move, appear, or otherwise respond to the complaint. *See* Affidavit of Carol G. Dell, Esq. in Support of Plaintiffs' Motion for Default Judgment of, dated January 15, 2010 ("Dell. Aff. I"), ¶¶ 4-7. On January 15, 2010, the plaintiffs moved for a default judgment, and the Clerk of Court thereafter entered a notation of default against A.B.M. pursuant to Federal Rule of Civil Procedure 55(a). Judge Block granted the plaintiffs' motion as far as the question of liability was concerned, and referred the matter to me for a report and recommendation as to damages.

Because of the default, the well-pleaded allegations of the Complaint are deemed admitted, except as to the amount of the plaintiffs' damages. *See, e.g.*, *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). The complaint establishes that the Union entered into a collective bargaining agreement with A.B.M. and Choudray, and that the CBA was operative and in effect during the relevant time period. *See* Complaint ¶¶ 17-22. On behalf of A.B.M., Choudray executed a memorandum of agreement that extended the CBA beyond June 30, 2008, and personally bound him to the agreement. *See* Complaint ¶¶18-19, 34-36. Under the CBA, A.B.M. was required to make benefit contributions to the Funds on behalf of the defendant's covered employees. *See* Complaint ¶ 32. The CBA also requires A.B.M. to remit a portion of its employees' wages to the Union as dues, and sets forth the applicable rates. Complaint ¶ 33. A.B.M. performed sub-contracting work for a general contractor Perfetto Enterprises Co., Inc., which had executed a Project Labor Agreement ("PLA") with the New York City School

Construction Authority ("SCA").[1] Complaint ¶¶ 24-25. The terms of the CBA with the Union were incorporated into the PLA. Complaint ¶ 26. Contrary to its contractual obligations, A.B.M. failed to make the required benefit contributions and dues contribution to the Funds and the Union, respectively, for work performed by its employees between August 2008 and December 2008. *See* Complaint ¶¶ 44, 59. The Funds demanded the delinquent contributions, but having failed to receive any such payments, the plaintiffs commenced an action in this court to recover the unpaid contributions that A.B.M. owed. *See* Complaint ¶¶ 55-59.

**II.** *Damages*

Federal Rule 55(b) requires the court to make an independent assessment of damages when deciding a motion for default judgment. *See Securities & Exch. Comm'n v. Management Dyn., Inc.,* 515 F.2d 801, 814 (2d Cir. 1975). Damages are proven through an evidentiary hearing, or through affidavits and other documentary submissions and exhibits that provide a factual basis for determining the amount of the award. *See Greyhound*, 973 F.2d at 158; *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997). Having provided notice to the defaulting defendant, the court is able to receive affidavits in lieu of holding an evidentiary hearing on damages, as long as those submissions provide a basis for damages. *See Transatlantic Marine,* 109 F.3d at 111. There being no objection by any party to that procedure, the court has received and considered affidavits and other documentary

---

[1] Because of the relationship between the general contractor, the sub-contractor, the SCA, and others, the facts here are somewhat more complex than in a typical ERISA benefit fund default case. Nevertheless, as in most cases, at heart the dispute concerns only what the plaintiffs are owed under the CBA, ERISA, and Taft-Hartley. Thus, the court has omitted many of unnecessary details surrounding the relationships between the various parties.

exhibits submitted by the plaintiffs. The defendant has made no submissions as to damages. The plaintiffs' submissions provide an adequate basis to award damages as set forth below.

With respect to contributions owed to employee benefit funds, ERISA provides for recovery of

> (A) the unpaid contributions
> (B) interest on the unpaid contributions
> (C) an amount equal to the greater of -
>
> > (i) interest on the unpaid contributions, or
> > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State Law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

The plaintiffs have furnished the court with several affidavits and documentary exhibits. According to an affidavit from the plaintiffs' attorney, the unpaid contributions and dues – owing at the time the plaintiffs filed the suit – have now been satisfied. *See* Affidavit of Carol G. Dell in Support of Plaintiffs' Damages Inquest, dated July 16, 2010 ("Dell Aff. II"), ¶ 12. A copy of a check dated November 24, 2009 from Perfetto Enterprises and made out to "PCC Benefit Funds" in the amount of $36,973.00, was also submitted. *See* Affidavit of Jeremiah Sullivan in Support of Plaintiffs' Damages Inquest, dated July 14, 2010 ("Sullivan Aff."), Ex E. An audit of A.B.M.'s books and records for the period from October 2008 to December 2008, performed by outside auditors, showed that it owed unpaid contributions and dues for work performed in that period in the amount of $35,992.75. *See* Affidavit of Michael Gold in Support of Plaintiffs' Damages Inquest, dated July 12, 2010 ("Gold Aff."), ¶¶ 2-5, Ex. D. According to

the audit report, of that total amount, $32,880.92 reflects unpaid benefit fund contributions, while $3,111.83 reflects unpaid dues owed to the Union. *See* Gold Aff., Ex. D. The supporting documentation reflecting the specific employees, the hours worked, the hourly rates, and the contributions and dues owed on their behalf are attached to the audit report. *See id.* On the basis of the information in Gold's audit report, the plaintiffs were thus entitled to $32,880.92 in unpaid contributions and $3,111.83 in unpaid dues. Those amounts and the costs of the audit have been satisfied by the Perfetto check.

The plaintiffs, however, are still entitled to interest and liquidated damages on the unpaid contributions, both of which are explicitly called for in the CBA and available under ERISA. *See* 29 U.S.C. § 1132(g)(2). As to interest, the plaintiffs seek an award running from the date each month, beginning in October 2008, when the contributions for the preceding month became due, through the date of payment, November 24, 2009. *See* Dell Aff. I, ¶¶ 36-40. For example, the contributions for work performed in September 2008 were due by October 15, 2008, and interest on the September 2008 contributions and dues began to run on that date. In determining interest owed on unpaid fringe benefit contributions, ERISA directs courts to use the "rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26." 29 U.S.C. § 1132(g)(2); *see also Carney v. Prompt Maintenance Services, Inc.*, No. 98-CV-8163, 2002 WL 122934, at *6 (S.D.N.Y. Jan. 30, 2002). Here, the CBA sets forth that interest on unpaid contributions shall be paid at a rate of 10% per annum. *See* Sullivan Aff., Ex. A (CBA, Art. XV ¶ 7(f)); *see also* Sullivan Aff., Ex. B. Therefore, the Funds are entitled to interest at the

rate of 10% per annum on the sum of $32,880.[2] The following table reflects the precise method of calculating the interest award, since the plaintiffs have elected to calculate interest beginning from the due date of the first month's unpaid contributions and separately as to each month's contributions thereafter.[3] *See* Gold Aff., Ex. D; Dell Aff. II, Ex. F.

|  | **Contributions Owed** | **Accrual Period** | **Interest Per Diem** | **Total Interest Owed** |
|---|---|---|---|---|
| September 2008 | $16,307.28 | October 15, 2008 - November 24, 2009 | $4.47 | $1,810.35 |
| October 2008 | $8,819.52 | November 15, 2008 - November 24, 2009 | $2.42 | $905.08 |
| November 2008 | $3,597.44 | December 15, 2008 - November 24, 2009 | $.99 | $340.56 |
| December 2008 | $4,156.68 | January 15, 2009 - November 24, 2009 | $1.14 | $356.82 |
| **Total** | $32,880.92 |  |  | $3,412.81 |

The Union also requests interest on the unpaid dues it was owed at the time this suit was brought. Unlike the benefit fund contributions, the CBA does not call for interest on unpaid or

---

[2] 10% divided by 365 days yields .02739% per day. Thus, to use the September 2008 period as an example, the amount owed in unpaid contributions ($16,307.28) is multiplied by .0002739, which results in a per diem interest of $4.47 from October 15, 2008 through November 24, 2009. That figure is multiplied by the number of days (in this case, 405) that payment was due, which yields $1,810.35 in interest for the September 2008 contributions.

[3] Plaintiffs in ERISA benefit fund defaults will frequently elect, for sake of convenience, to receive interest on the total amount owed, beginning on the date the last month's contributions become due. For instance, in this case, under such an approach, the Funds would be entitled to interest on the aggregate $32,880.92 beginning on January 15, 2009. The Union requests the same calculation with respect to the interest on dues it is owed, as discussed in the following paragraph.

delinquent dues or dues checkoffs. Thus, the plaintiffs request an award of pre-judgment interest under New York's Civil Practice Law and Rules. *See* N.Y. C.P.L.R. §§ 5001, 5004; Dell Aff. I ¶ 40. The complaint and the submissions do not make clear whether this claim by the Union is asserted pursuant to Taft-Hartley or is brought merely as a contractual claim under New York law, although the complaint invokes both Taft-Hartley and the provision in the United States Code that governs supplemental jurisdiction for state law claims, 28 U.S.C. § 1367. *See* Complaint ¶¶ 1-2. In spite of this lack of clarity, inasmuch as the Union's claim is clearly grounded in A.B.M.'s contractual breach of its CBA obligations, the Union should be entitled to pre-judgment interest as set forth in the C.P.L.R. Therefore, as set forth in the table below, the plaintiffs are entitled to interest on the dues and dues checkoffs, beginning on the date the first month's dues became due, and continuing through November 24, 2009, the date of payment.[4] *See* Gold Aff., Ex. D; Dell Aff. II, Ex. F.

|  | **Dues Owed** | **Accrual Period** | **Interest Per Diem** | **Total Interest Owed** |
|---|---|---|---|---|
| September 2008 | $1,550.94 | October 15, 2008 - November 24, 2009 | $.38 | $153.90 |
| October 2008 | $828.72 | November 15, 2008 - November 24, 2009 | $.20 | $74.80 |
| November 2008 | $339.69 | December 15, 2008 - November 24, 2009 | $.08 | $27.52 |
| December 2008 | $392.48 | January 15, 2009 - November 24, 2009 | $.10 | $35.00 |
| **Total** | $3,111.83 |  |  | $291.22 |

---

[4] Diving the per annum interest rate of 9%, as set forth in the C.P.L.R., by 365 yields a per diem rate of .02465%. Therefore, as an example, when the September 2008 dues ($1,550.94) are multiplied by .0002465, the per diem interest is $.38.

Next, as liquidated damages, the Funds are entitled to the greater of the interest accrued on the unpaid contributions, or liquidated damages as called for in the prevailing agreements (not to exceed 20% of the unpaid contributions). 29 U.S.C. § 1132(g)(2)(c). Liquidated damages are normally a fixed percentage of the owed payments, in this case, the statutory maximum of 20%. In the event of unpaid contributions, the CBA calls for liquidated damages of 5% of the contributions owed, an additional 5% if an audit is required, an additional 5% if legal counsel is necessary for collections purposes,[5] and an additional 5% if a lawsuit is initiated to recover the monies. *See* CBA, Art. XV ¶ 7(f). Since those three conditions are met here, the liquidated damages are increased to 20%. Therefore, as liquidated damages under 29 U.S.C. § 1132(g)(2)(c), the Funds are entitled to 20% of the unpaid contributions, $32,880.92, which amounts to $6,576.18.

### III. *Attorney's Fees and Costs*

The plaintiffs also seek attorneys' fees and costs, both of which are available under ERISA. *See* 29 U.S.C. § 1132(g)(2)(D). To aid the court in determining the amount of reasonable attorneys' fees, plaintiffs must submit evidence providing a factual basis for a fee award. *Hensley v. Eckerhart,* 461 U.S. 424, 433-434 (1983). This Circuit requires contemporaneous billing records for each attorney, documenting the date, the hours expended, and the nature of the work. *See New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1148, 1154 (2d Cir. 1983). The court must ensure that the "requested rates are in line

---

[5] That 5% appears in the CBA to be intended to offset attorneys' fees. *See* CBA, Art. XV ¶ 7(f). Therefore, it might be argued that the attorneys' fees award should be reduced by 5% of the unpaid contributions, which would actually exceed the amount of attorneys' fees requested. Nevertheless, given the defendants' default and failure to argue this point, the court is satisfied that the plaintiffs are entitled to that 5% in liquidated damages as well as the actual attorneys' fees.

with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson,* 406 U.S. 886, 896 n.22 (1984); *see also Luciano v. Olsten Corp.,* 109 F.3d 111, 115 (2d Cir. 1997). Calculation of attorneys' fees has been the topic of extended discussion in this Circuit, which now adheres to a method based on a presumptively reasonable fee, the product of a reasonable number of hours multiplied by a reasonable hourly rate, calculated on the basis of a number of case-specific factors. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections*, 522 F.3d 182, 186–90 (2d Cir. 2008); *Simmons v. New York City Transit Authority*, 575 F.3d 170 (2d Cir. 2009); *Jin v. Pacific Buffet House, Inc.*, No. 06-CV-579, 2010 WL 2653334, at *1-2 (E.D.N.Y. June 25, 2010) (Pohorelsky, M.J.) (surveying the recent landscape in attorneys' fees litigation); *Shim v. Millenium Group*, No. 08-CV-4022, 2010 WL 2772493, at *1-2 (E.D.N.Y. June 21, 2010) (same). Where adequate records are not submitted, the court may reduce the award or deny fees altogether. *See Carey*, 711 F.2d at 1148; *Private Sanitation Union Local 813, International Brotherhood of Teamsters v. Gaeta-Serra Associates, Inc.*, No. 02–CV-5526, 2005 WL 2436194, at *3-4 (E.D.N.Y. Aug. 12, 2005). In addition, the court may exclude hours that it finds excessive, duplicative, or unnecessary. *Duke v. County of Nassau,* No. 97-CV-1495, 2003 WL 23315463, at *1 (E.D.N.Y. Apr. 14, 2003) (*citing Hensley,* 461 U.S. at 434; *Luciano*, 109 F.3d at 116)).

In reviewing the plaintiffs' submissions, the court finds that the attorney time sheets are sufficiently detailed and provide an adequate contemporaneous record. *See* Dell Aff. II, Ex. G. The attorney's submission specifies the date on which the work was performed, the amount of time expended, who performed the work, and briefly describes the nature of the tasks, beginning

in October 2009 and continuing until January 2010. *See id.* The total number of hours billed, 57.9, is perhaps somewhat high, but is still reasonable for a ERISA default of this nature. The hourly rates charged by counsel, ranging from $165 to $225, are reasonable in this district given the nature of the required tasks.[6] *See Cho v. Koam Med. Servs.*, 524 F. Supp. 2d 202, 208 (E.D.N.Y. 2007); *Gutman v. Klein*, No. 03-CV-1570, 2009 WL 3296072, at *2-3 (E.D.N.Y. Oct. 13, 2009). Therefore, on the basis of counsel's submissions, an award of $9,191.50 in attorney's fees is appropriate. Lastly, the plaintiffs have requested costs of $578.63, which represents filing fees, photocopying costs, service of process, and postage. *See* Dell Aff. II, Ex. G. This amount is reasonable and is substantiated in the billing records, and the plaintiffs should therefore be awarded $578.63 in costs. *See* 29 U.S.C. § 1132(g)(2)(D).

## CONCLUSION

In accordance with the above considerations, the undersigned hereby **RECOMMENDS** that the following amounts be awarded to the plaintiffs:

1. Accrued interest of $3,412.81 on the unpaid contributions;

2. Accrued interest of $291.22 on the unpaid dues;

3. Liquidated damages of $6,576.18; and

4. Attorneys' fees and costs in the amount of $9,770.13.

---

[6] Counsel failed to provide information as to the experience of the firm generally in these matters, and as to the individual attorneys who worked on this matter. That information would have been useful to the court in its determination, but since the rates requested are well within the range of prevailing market rates in the Eastern District of New York, this deficiency is minor.

-10-

\*    \*    \*    \*    \*    \*

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see, e.g., Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.)(1992); *Small v. Secretary of Health and Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

**Counsel for the plaintiffs shall serve a copy of this Report and Recommendation on the defendants by regular mail and file proof of such service in the record.**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:  Brooklyn, New York
        September 7, 2010